IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 20 2024

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:24-MJ-895 |
| ABDUL-AL-JABBAR OLORUNTOBA OLAIYA (01) | |

### CRIMINAL COMPLAINT

I, Special Agent Kurt A. Duross, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**Alleged Offense:**

On or about November 19, 2024, in the Northern District of Texas, the defendant, **Abdul-al-Jabbar Oloruntoba Olaiya**, on an aircraft in the special aircraft jurisdiction of the United States, namely American Airlines flight AA1915 en route from Milwaukee Mitchell International Airport to Dallas Fort Worth International Airport, did knowingly interfere with the performance of the duties of S.J., a flight crew member or flight attendant of the aircraft, and lessen the ability of S.J. to perform those duties, by assaulting and intimidating S.J., specifically by physically grabbing, wrestling, and causing injury to S.J. while attempting to gain access to the main exit door and open the door, all in violation of 49 U.S.C. § 46504.

**Applicable Law:**

1. Under Title 49 United States Code, Section 46505, an individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title

Criminal Complaint - Page 1

18, imprisoned for not more than 20 years, or both. However, if a dangerous weapon is used in assaulting or intimidating the member or attendant, the individual shall be imprisoned for any term of years or for life. Under Title 49, United States Code, Section 46501(2)(a), the "Special Aircraft Jurisdiction of the United States" is defined to include, among other things, a civil aircraft of the United States in flight.

**Agent Background:**

2. I am employed as a Special Agent with the Federal Bureau of Investigation (FBI). I have been so employed since 2004, and I am currently assigned to the Dallas/Fort Worth (DFW) International Airport Resident Agency, which is a part of the FBI's Dallas Division. My responsibilities include conducting investigations involving federal crimes aboard aircraft as well as federal crimes that occur within the DFW International Airport and Love Field properties. In the course of my career with the FBI, I have participated in the execution of search and arrest warrants, and have been the Affiant of same. The statements set forth in this affidavit are the product of my personal observations, training and experience, as well as information obtained from other law enforcement officers and witnesses. The facts presented are true and correct to the best of my knowledge and belief, but are not inclusive of all the evidence or information involved with this case.

**Probable Cause:**

3. On November 14, at approximately 9:45am, I was notified by DFW Dispatch personnel that flight American Airline (AA) AA1915 was inbound to DFW International Airport Terminal C, Gate C4, from Milwaukee with a Level III disturbance. Passenger

**Abdul-al-Jabbar Oloruntoba Olaiya** was described as having attempted to open the aircraft exit door while flight AA1915 was actively in flight. During the attempt to open the exit door, flight attendant S.J. used her body to shield the door from **Olaiya**, to keep him away from the door. S.J. was injured by **Olaiya** during the struggle. **Olaiya** was restrained by multiple "able bodied passengers" (ABP) who duct taped his wrists and ankles. Once the aircraft was on the ground, **Olaiya** was removed from the plane by DFW DPS officers and ultimately transported to John Peter Smith Hospital for a mental health evaluation.

4. Interviews of multiple witnesses and crew showed **Olaiya** became angry at S.J. as S.J. was working the forward galley. **Olaiya** told S.J., "he was the captain of this flight" and "needed to get off the plane," at which point **Olaiya** charged S.J. in an attempt to access the exit door. S.J then called for assistance from other crew members who called on ABPs to assist. **Olaiya** fought with S.J. in an attempt to access the door, while S.J. used her body to push him away from the door for a few seconds until the ABPs were able to restrain him.

5. The incident happened with approximately 30 minutes left in the flight. The pilots made the decision to continue to DFW since they had already started their decent. The pilots called the tower for priority landing and taxiing. All additional flight services that would have been conducted by S.J. and other flight attendants were canceled to handle the Level III disturbance and landing.

6. Based upon the above facts and circumstances, I respectfully submit that there is probable cause to believe that **Abdul-al -Jabbar Oloruntoba Olaiya** knowingly and willfully interfered with flight crew members and attendants, in violation of 49 U.S.C. § 46504.

_____
Kurt A. Duross, Special Agent
Federal Bureau of Investigation


SWORN TO AND SUBSCRIBED before me in Fort Worth, Texas, at 1:40 am/pm this 20TH day of November, 2024.

_____
HAL R. RAY, JR.
UNITED STATES MAGISTRATE JUDGE